Maurice N. Ross (mross@bartonesq.com)
BARTON LLP
420 Lexington Avenue, Suite 1830
New York, NY  10170

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JALINSKI ADVISORY GROUP, INC., | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| JOEL ISAACSON & CO., LLC, | |
| Defendant. | |

Plaintiff Jalinski Advisory Group, Inc. ("JAG"), for its Complaint against defendant Joel Isaacson & Co., LLC ("JIC"), alleges as follows:

**Nature of Action and Relief Sought**

1. All of the claims herein arise out of and are based on JIC's willful infringement of JAG's trademark rights, which JIC is well of aware of but chooses to disregard.

2. JAG owns the registered trademarks "The Financial Quarterback" and "Financial Quarterback" (collectively the "Financial Quarterback Trademark") under which it (a) offers financial advisory and investment management services,  and (b) provides educational services in the field of financial and wealth management (the "Educational Services").  JAG provides these services through the following mediums, among others: (1) broadcasts via traditional "over-the air" radio stations, on-line-streaming through the internet and podcasts, and regularly scheduled, weekly radio programs hosted by radio personality and financial expert Josh Jalinski

1

("Jalinski") (the "Radio Programs"); (2) seminars and other educational services for clients and members of the public concerning financial and wealth management; and (3) television, film and other broadcast and public appearances by Jalinski as an educational and motivational speaker concerning financial and wealth management. JAG additionally provides for the dissemination of news, information and education regarding personal finance and wealth/investment management.

3. JIC has used JAG's Financial Quarterback Trademark in offering (a) its own accounting, tax, business management, financial, financial management, financial planning, and financial advisory services to its clients and (b) education to clients through broadcast appearances, seminars and on-line videos, blogs, bulletins, e-books and alerts, public presentations to clients, and other public appearances, publications and presentations directed to potential clients and the general public, all in violation of federal and state law. JIC has failed to cease its use of JAG's trademark even after receiving a cease-and-desist letter from JAG's counsel.

4. JIC's unlawful conduct has caused and will continue to cause serious and irreparable harm to JAG. Consumers are likely to be confused as to a perceived affiliation, connection, association, sponsorship, endorsement, approval or permission received from JAG and the Radio Programs that does not exist. JIC's conduct is likely to dilute the distinctive and source-identifying quality of JAG's trademark and to damage, erode and diminish the economic value of JAG's trademark, which JAG alone has the right to commercially exploit.

5. JAG seeks injunctive and monetary relief against JIC's acts of federal trademark infringement, unfair competition, false designation of origin, and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and related acts of trademark infringement, unfair

competition, deceptive business practices and trademark dilution under New York law, including New York General Business Law §§ 133, 349 and 360-L.

## The Parties

6.     Plaintiff JAG is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 1400 Hooper Avenue, Suite 210, Toms River, NJ 08753.  JAG has also maintained locations at 111 Broadway, New York, NY 10006 and at 3379 Route 206, South Bordentown, NJ 08505.

7.     Upon information and belief, defendant JIC is a limited liability company registered in the State of New York, having a principal address and place of business at 546 Fifth Avenue, New York, NY 10036.

## Jurisdiction and Venue

8.     This Court has jurisdiction under Section 30 of the Lanham Act, 15 U.S.C. § 1121; under Sections 1331, 1338(a) and (b) and 1367(a) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under Sections 2201 and 2202 of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; under New York General Business Law §§ 133, 349 and 360; and the common law of the State of New York.

9.     Upon information and belief, this Court has personal jurisdiction over Defendant based upon its contacts with this forum, including regularly and intentionally doing business here and/or committing acts giving rise to this lawsuit here.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## Facts Common to All Claims

I.     **Jalinski Advisory Group**

    A.     **JAG's Brand and Services**

11. Since early 2006, JAG has continuously provided financial advisory and investment management services for its clients under the brand name "The Financial Quarterback."

12. Since at least 2009, Jalinski, in his capacity as JAG's President and CEO, has hosted the Radio Programs titled "The Financial Quarterback," which provide listeners with advice regarding personal finance and wealth/investment management and is broadcast in the New York and New Jersey area on 710 AM WOR, 770 AM WABC and 1160 AM WOBM. The Radio Programs are broadcast weekly in major markets throughout the United States and are available nationally and internationally on www.iheartradio.com and the iHeartRadio app. More recently, Jalinski has made numerous and frequent public appearances on broadcast and cable television networks, such as CNBC, in pod casts, and in seminars for actual potential clients of JAG.

13. JAG maintains offices in New Jersey and New York, and The Radio Show originates in New York. JAG relies in part on The Radio Programs to advertise and promote the financial and investment management services provided by JAG.

   **B.   JAG's Asserted Trademark Rights**

14. JAG is the owner of United States Trademark Serial Number 86353875, registered by the United States Patent and Trademark Office ("USPTO") on April 21, 2015, based on an application filed on July 31, 2014, for the word mark "The Financial Quarterback" in international class 41 for educational and entertainment services; namely, conducting seminars, making personal appearances, performing speaking engagements, radio and television appearances, and ongoing radio programs in the fields of business, finance, investment, money management, and financial planning (the "Class 41 Trademark").

15. JAG is the assignee and owner of United States Trademark Serial Number 77752160, registered by the USPTO on April 27, 2010, registration number 3782665, based on an application filed on June 4, 2009, for the word mark "Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (the "Class 36 Trademark"). This class 36 trademark has been acknowledged as incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065. JAG is also the owner of United States Trademark Serial Number 86314778, registered by the USPTO on November 28, 2017, registration number 5346562, based on an application filed on June 19, 2014, for the word mark "The Financial Quarterback" in international class 36 for financial planning and investment advisory services, financial planning for retirement, and other such financial services (collectively, the "Class 36 Trademarks").

16. JAG is the owner of United States Trademark Serial Number 86318879, registered by the USPTO on November 28, 2017, registration number 5346563, based on an application filed on June 24, 2014, for the word mark "The Financial Quarterback" in international class 35 for connecting buyers and sellers of financial assets, business management consulting (the "Class 35 Trademark").

17. JAG is also the owner of the following pending U.S. trademark applications for the word mark "The Financial Quarterback": serial number 86314005 in international class 42 (mobile application for providing financial advice and financial analysis); serial number 86318839 in international class 16 (printed publications in the fields of finance, investment, money management, and financial planning); and serial number 86318944 in international class 9 (downloadable computer software and electronic newsletters, publications and audio recordings in the field of financial analysis, and financial forecasting).

18. By virtue of using the "Financial Quarterback Trademark" in commerce since 2006, JAG has established and is the owner of common law trademark rights for the word mark "The Financial Quarterback." JAG has also established and now owns common law trademark rights as a result of its use of the mark nationwide.

## II.   Defendant JIC's Unauthorized Activities

19. Upon information and belief, JIC renders business management, financial management, investment management, investment advisory, financial planning, and financial advisory services to its clients in interstate commerce, primarily in the New York area, where Jalinski's Radio Programs are regularly available to listeners via over-the air broadcast radio stations, internet streaming, and otherwise.

20. JIC has unlawfully repeatedly used the Financial Quarterback Trademark in offering financial and investment advisory services to its clients and prospective clients on JIC's website, in promotional materials and advertising and in personal appearances and presentations to its actual and prospective clients.

21. JIC has repeatedly used JAG's Financial Quarterback Trademark to characterize, identify, describe and market the aforesaid financial and educational services and continued to do so notwithstanding JAG's demands that it cease this conduct.

22. JIC is not related to or affiliated with JAG in any way and has not sought or received a license or authorization from JAG for any purpose whatsoever, including the acts described herein.

23. JIC's infringement of JAG's trademark unlawfully wrests from JAG control over its reputation and, upon information and belief, is unjustly enriching JIC.

24. JIC's unauthorized acts as described herein have caused and will continue to

cause irreparable damage to JAG and its business and goodwill unless restrained by this Court.

25. Upon information and belief, and as evidenced by the facts and circumstances alleged above, JIC has intentionally and willfully violated JAG's trademark.

## COUNT I
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 41 Trademark)

26. JAG repeats and incorporates herein by reference each of the foregoing allegations.

27. JIC's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 41 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

29. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

30. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 36 Trademarks)

31. JAG repeats and incorporates herein by reference each of the foregoing allegations.

32. JIC's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 36 Trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

34. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

35. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### COUNT III
### Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))
### (JAG's Class 35 Trademark)

36. JAG repeats and incorporates herein by reference each of the foregoing allegations.

37. JIC's use of JAG's "Financial Quarterback Trademark" constitutes knowing, deliberate and willful infringement of JAG's Class 35 Trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

39. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

40. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### COUNT IV
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 41 Trademark)

41. JAG repeats and incorporates herein by reference each of the foregoing allegations.

42. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

44. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

45. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

46. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and

damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT V
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 36 Trademarks)

47. JAG repeats and incorporates herein by reference each of the foregoing allegations.

48. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

50. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

51. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

52. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT VI
### Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (JAG's Class 35 Trademark)

53. JAG repeats and incorporates herein by reference each of the foregoing

allegations.

54. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

56. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

57. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

58. As a result of JIC's infringement, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT VII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 41 Trademark)

59. JAG repeats and incorporates herein by reference each of the foregoing allegations.

60. As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

61. JIC's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 41 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62. JIC's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

63. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

64. As a result of JIC's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT VIII
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 36 Trademarks)

65. JAG repeats and incorporates herein by reference each of the foregoing allegations.

66. As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

67. JIC's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 36 Trademarks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68. JIC's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

69. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

70. As a result of JIC's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT IX
### Trademark Dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c))
### (JAG's Class 35 Trademark)

71. JAG repeats and incorporates herein by reference each of the foregoing allegations.

72. As a result of JAG's popular radio show, JAG's "Financial Quarterback Trademark" has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

73. JIC's use of JAG's "Financial Quarterback Trademark" constitutes dilution of JAG's Class 35 Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

74. JIC's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

75. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

76. As a result of JIC's dilution of JAG's "Financial Quarterback Trademark," JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under

15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT X
### Common Law Trademark Infringement and Unfair Competition

77.     JAG repeats and incorporates herein by reference each of the foregoing allegations.

78.     JIC's use of JAG's "Financial Quarterback Trademark" constitutes common law trademark infringement and unfair competition with JAG under the common law of the State of New York.

79.     JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

80.     JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

81.     Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

82.     As a result of JIC's conduct, JAG is entitled to injunctive relief and is also entitled to recover JIC's profits, JAG's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

## COUNT XI
### Unlawful Deceptive Acts and Practices under New York General Business Law § 349

83.     JAG repeats and incorporates herein by reference each of the foregoing

allegations.

84. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a violation of Section 349 of the New York General Business Law.

85. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

86. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

87. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

88. As a result of JIC's conduct, JAG is entitled to injunctive relief and is also entitled to recover actual damages, enhanced damages, punitive damages, treble damages and costs and reasonable attorneys' fees.

## COUNT XII
### Trademark Infringement under New York General Business Law § 133

89. JAG repeats and incorporates herein by reference each of the foregoing allegations.

90. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a violation of Section 133 of the New York General Business Law.

91. JIC's use of JAG's "Financial Quarterback Trademark" is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between

JIC and JAG, and/or as to JAG's sponsorship or approval of JIC's goods, services and/or commercial activities.

92. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

93. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

94. As a result of JIC's conduct, JAG is entitled to injunctive relief enjoining JIC's conduct described above.

## COUNT XIII
### Dilution under New York General Business Law § 360-L

95. JAG repeats and incorporates herein by reference each of the foregoing allegations.

96. JIC's use of JAG's "Financial Quarterback Trademark" constitutes a violation of Section 360-L of the New York General Business Law.

97. JIC's use of JAG's "Financial Quarterback Trademark" is likely to dilute the trademark at least by eroding the public's identification of the trademark with JAG and by lessening the capacity of the trademark to identify and distinguish JAG's goods and/or services.

98. JIC's use of JAG's "Financial Quarterback Trademark" has caused, and unless enjoined, will continue to cause substantial and irreparable injury to JAG for which JAG has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the "Financial Quarterback Trademark."

99. Upon information and belief, JIC's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

100. As a result of JIC's conduct, JAG is entitled to injunctive relief enjoining JIC's conduct described above.

## Jury Demand

JAG demands a trial by jury.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1. Judgment that JIC has:

    a. Willfully infringed JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1114 of Title 15 in the United States Code;

    b. Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

    c. Willfully diluted JAG's Class 41 Trademark, Class 36 Trademarks and Class 35 Trademark in violation of § 1125(c) of Title 15 in the United States Code;

    d. Willfully infringed JAG's "Financial Quarterback Trademark" and engaged in unfair competition in violation of the common law of New York;

    e. Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law;

    f. Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

    g. Willfully diluted JAG's "Financial Quarterback Trademark" in violation of Section 360 of the New York General Business Law.

2. An injunction prohibiting JIC and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of JAG's "Financial Quarterback Trademark," including at least from selling, offering to sell, distributing or advertising goods and/or services using JAG's "Financial Quarterback Trademark;"

3. An order directing the destruction of all advertising materials related to goods and/or services marketed using JIC's "Financial Quarterback Trademark," including on the Internet;

4. An award of JIC's non-duplicative profits, JAG's actual damages, enhanced profits and damages, treble damages, punitive damages, and costs and reasonable attorneys' fees for JIC's trademark infringements and dilution, and acts of unfair competition and unfair business practices; and

5. Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
        January 2, 2018

**BARTON LLP**

By:   /s Maurice N. Ross
     Maurice N. Ross

420 Lexington Avenue, 18th Floor
New York, NY 10170
mross@bartonesq.com
*Tel.:*  (212) 687-6262
*Fax:*  (212) 687-3667

*Attorneys for Plaintiff Jalinski Advisory Group, Inc.*